UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AMANDA LAPRADE
    Plaintiff,
    v.
NONA PEYTON
    Defendant.

No. 3:13-cv-01005 (MPS)

## MEMORANDUM OF DECISION

Defendant Nona Peyton moves to dismiss Plaintiff Amanda LaPrade's Complaint for lack of personal jurisdiction and improper venue. Because Plaintiff fails to satisfy Connecticut's long-arm statute, Defendant's Motion to Dismiss for lack of personal jurisdiction is GRANTED.

**I.  Background**

The Complaint alleges that Defendant, a New Jersey resident, rear-ended Plaintiff, a Connecticut resident, while driving on Interstate 95 in Baltimore County, Maryland on July 21, 2011. (Compl. at ¶¶ 1-2, 6-8.) As a result, Plaintiff allegedly suffered injuries to her cervical spine, for which she received medical treatment in Connecticut. (*Id.* at ¶ 4.) Plaintiff filed her Complaint in this Court on June 24, 2013 alleging that Defendant was negligent and seeking $750,000 in damages. Defendant filed the instant Motion to Dismiss on December 16, 2013.

**II.  Discussion**

    a.  **Legal Standard**

The Federal Rules of Civil Procedure allow a defendant to move for dismissal on the grounds that the court lacks personal jurisdiction over her and that the selected venue is improper. Fed. R. Civ. P. 12(b)(2)-(3). On a motion to dismiss for lack of personal jurisdiction at the pleading stage, the plaintiff bears the burden of making a prima facie showing that the court has personal jurisdiction, and the court will take all of the factual allegations in the

1

complaint as true, construing them in the light most favorable to the plaintiff and resolving any doubts in the plaintiff's favor. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2008).

### b. Personal Jurisdiction Analysis

Determining a court's authority to exercise personal jurisdiction over a defendant involves a two-step analysis. First, the court must determine whether exercising jurisdiction is consistent with the long-arm statute of the state in which the court sits. *Chloe*, 616 F.3d at 163. If the state's long-arm statute does not allow the court to exercise personal jurisdiction, then the movant prevails. If the state statute is satisfied, the analysis proceeds to the second step, where the court must determine whether exercise of jurisdiction comports with the Fourteenth Amendment's Due Process Clause. *Chloe*, 616 F.3d at 164. Under the Due Process Clause, a court may exercise personal jurisdiction over a defendant only if she has enough contacts with the forum state that exercising jurisdiction over her does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Connecticut's long-arm statute expressly addresses tortious conduct, the type of conduct at issue in this case. In relevant part, the statute provides:

> [A] court may exercise personal jurisdiction over any nonresident individual. . . who in person or through an agent. . . (3) commits a tortious act outside the state causing injury to person or property within the state. . . if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

Conn. Gen. Stat. § 52-59b(a).

The first issue under the long-arm statute is whether Plaintiff alleges that Defendant "commit[ted] a tortious act outside the state causing injury to person or property within the state"

under section (3) of the statute.  The Complaint alleges that the accident occurred in Maryland (Compl. at ¶ 6), and thus the question becomes whether Defendant caused "injury to person or property within Connecticut."  Because Connecticut's long-arm statute is modeled after New York's, Connecticut courts look to New York courts' interpretations of that statute.  *Zartolas v. Nisenfeld*, 440 A.2d 179, 181 (Conn. 1981); *see also Ryan v. Cerullo*, 918 A.2d 867, 877 (Conn. 2007) (examining New York courts' interpretations of "their identically worded long-arm statute" in construing Conn. Gen. Stat. § 52-59b).  When deciding in which state an injury was caused, courts applying the New York statute generally apply a "situs-of-injury" test.  *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001).  I conclude that a Connecticut court would also apply the situs-of-injury test in applying § 52-59b(a)(3).  Under the situs-of-injury test, whether the injury occurred "within" a state is determined by the location of the original event that caused the injury.  *Whitaker*, 261 F.3d at 209.  The location where resultant damages are felt by the plaintiff is irrelevant to this analysis.  *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990).  Here, because the situs-of-injury is Maryland, not Connecticut, the requirement that the tortious conduct cause injury "within the state" is not met.

Even if Plaintiff had satisfied the first requirement of the long-arm statute, she would not meet the other requirements of subsection (3).  There is no allegation that Defendant "does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered" in Connecticut.  Conn. Gen. Stat. § 52-59b(a)(3)(A).  Thus, subsection (3)(A) is inapplicable.  So is subsection (3)(B).  That subsection contains two requirements: (1) that Defendant expect or should reasonably expect her act to have consequences in the state; and (2) that Defendant derive substantial revenue from

interstate or international commerce. Conn. Gen. Stat. § 52-59b(a)(3)(B). Plaintiff's allegations do not satisfy either of these requirements.

Although Plaintiff does not directly address subsection (3)(B)'s "expects or should reasonably expect" requirement, she argues that Defendant foresaw or should have foreseen being subject to the "potential jurisdiction" of Connecticut because she was driving on an interstate highway that passes through Connecticut and on which Connecticut residents might reasonably be expected to travel. (Pl.'s Opp'n to Def.'s Mot. to Dismiss [Doc. # 18] at 5.) According to Plaintiff, while on an interstate highway, "a defendant should presume minimum contacts with all states that the roadway transects." *Id.* Plaintiff cites no legal authority, nor has this Court found any, to support such an expansive interpretation of subsection (3)(B). Indeed, this argument has been rejected in the context of a "minimum contacts" due process analysis. *See Cormier v. Fisher*, 404 F. Supp. 2d 357, 362 (D. Me. 2005) ("To hold that mere presence on an interstate highway is sufficient to subject one to personal jurisdiction in any state . . . would render the concept of personal jurisdiction, and its requirement of minimum contacts with the forum state, meaningless."). Thus, Plaintiff has failed to establish that Defendant expected or reasonably should have expected her driving to have consequences in Connecticut.

Even if Plaintiff had satisfied subsection (3)(B)'s expectation requirement, she would not have satisfied the subsection's second requirement, i.e., the "substantial revenue" requirement. The Connecticut Supreme Court has interpreted the phrase "substantial revenue" as meaning "'enough revenue to indicate a commercial impact in the forum, such that a defendant fairly could have expected to be haled into court there.'" *Ryan*, 918 A.2d at 877 (quoting *Fogle v. Ramsey Winch Co.*, 774 F. Supp. 19, 23 (D.D.C. 1991)). Plaintiff does not address the long-arm statute's substantial revenue requirement in the Complaint or her brief, nor does she allege any

4

facts that would permit the inference that Defendant derives any revenue, let alone a "substantial" amount, from interstate or international commerce.

Because the allegations in the Complaint fail to satisfy the elements of § 52-59b(a), Plaintiff has failed to show that Defendant is subject to jurisdiction under Connecticut's long-arm statute. The Court lacks personal jurisdiction on this basis alone. In light of this conclusion, it is unnecessary to proceed to the second step of the personal jurisdiction analysis or to consider Defendant's alternative argument regarding venue.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss for lack of personal jurisdiction is GRANTED. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         June 24, 2014